IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 3:17-cr-00198 |
| | ) | |
| JONATHAN RALPH WHITWORTH | ) | |

**TO:** Honorable Aleta A. Trauger, District Judge

### REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court referred to the Magistrate Judge the Government's motion (Docket Entry No. 67) for summary judgment on a pending petition (Docket Entry No. 36) for a hearing to adjudicate an alleged legal interest in forfeited property. *See* Order entered February 21, 2020 (Docket Entry No. 74). For the reasons set out below, the undersigned respectfully recommends that the petition be dismissed and the motion be granted.

### I. BACKGROUND

This is an ancillary proceeding arising out of the criminal prosecution of Jonathan Ralph Whitworth ("Whitworth"). On April 16, 2018, Whitworth pled guilty in this Court to firearm and drug related offenses. The Court assumes familiarity with the criminal proceedings against Whitworth and summarizes only the proceedings necessary for this Report and Recommendation.

A firearm identified as Springfield Armory, .45 caliber, Model 1911-A1 (Serial No. 449341) ("Pistol") was recovered incident to Whitworth's arrest. On July 13, 2018, the Court entered a Consent Preliminary Order of Forfeiture of the Pistol and any related ammunition, *see* Docket Entry No. 34, and subsequently incorporated the order of forfeiture into Whitworth's final sentence. *See* Docket Entry No. 60.

The Government published a Notice of Forfeiture and specifically sent direct written notice to Ian Selby Osborne ("Osborne"), an individual who was known by the Government through investigation of the criminal case to have a possible legal interest in the Pistol. On August 1, 2018, Osborne filed a handwritten and signed *pro se* "Petition for Release of Personal Property" ("Petition"), in which he stated:

> I, Ian Osborne, am petitioning the United States District Court Nashville Division for the release of my Springfield Armory Model 1911-A1 45 caliber pistol which was verified by the ATF as my weapon. It was taken from my home while I was staying at the veteran's center for medical conditions. I was instructed to file this petition so I can get my property returned to me. The ATF has the records of my purchase and registration. I am a air force veteran and would really appreciate the return of my Springfield Range Officer 45. While I was away from my home most of my personal belongings were stolen. This is probably the only thing of value I'll get back. Best regards. Ian S. Osborne.

*See* Docket Entry No. 36 at 1-2. Attached to the Petition are copies of the Consent Preliminary Order of Forfeiture, the Notice of Forfeiture, and a letter from the Government, dated July 25, 2018, that accompanied the Notice of Forfeiture mailed to him and that explained his right to file a claim to the Pistol and the procedures under 21 U.S.C. § 853(n) for filing a petition. *Id*. at 5-12. The Government made a preliminary response to the Petition, asserting that the notification and response time for notice to the general public had not yet expired and that a decision on Osborne's Petition was not yet ripe. *See* Docket Entry No. 39.

No other claim to the Pistol was made, and on February 18, 2020, the Government filed the pending motion for summary judgment. *See* Docket Entry No. 67. Pursuant to Rule 32.2(c)(1)(B) of the Federal Rules of Criminal Procedure and Rule 56 of the Federal Rules of Civil Procedure, the Government argues that the relevant and material facts are undisputed and show that Osborne's claim to the Pistol should be denied without the necessity of an ancillary hearing under 21 U.S.C. 853(n)(4). Specifically, the Government contends that Osborne has given inconsistent accounts of how the Pistol left his possession and asserts that he is prohibited from possessing a firearm pursuant to 18 U.S.C. §§ 922(g)(3) and (4) because (1) he has an undisputed history of being an addicted person and an unlawful user of controlled substances and (2) it is undisputed that he was

involuntarily committed to a psychiatric treatment facility in 2017. *See* Memorandum in Support (Docket Entry No. 71). The Government supports its motion with the affidavit of Kurt Wiest, a Special Agent with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives (Docket Entry No. 72), with criminal, court, and medical records for Osborne (Docket Entry Nos. 68 and 71), and with a statement of undisputed material facts (Docket Entry No. 71-3). Osborne has not responded to the motion.

## II. ANALYSIS AND CONCLUSIONS

Title 28 U.S.C. § 853(n) permits a procedure for a third party to assert a legal interest in property which has been ordered forfeited to the United States by permitting a third party to file a petition to the court for a hearing to adjudicate "the validity of his alleged interest in the property." 21 U.S.C. § 853(n)(2). This ancillary proceeding is the sole avenue for a third party to assert a claim to forfeitable property, *United States v. Fabian*, 764 F.3d 636, 638 (6th Cir. 2014), and the petitioner ultimately bears the burden of establishing a claim to the property by a preponderance of the evidence. *United States v. Salti*, 579 F.3d 656, 661 (6th Cir. 2009).

Section 853(n) allows a third party to obtain relief on only two grounds: first, that the third party's interest in the forfeitable property "was superior" to the defendant's interest in the property "at the time of the commission of the acts which gave rise to the forfeiture," 853 (n)(6)(A); or second, that the third party was a "bona fide purchaser for value[.]" § 853(n)(6)(B). *Fabian*, 764 F.3d at 638 (6th Cir. 2014); *United States v. Monea Family Tr. I*, 626 F.3d 271, 277 (6th Cir. 2010). Federal Rule of Criminal Procedure 32.2(c)(1)(B) permits the Government to file a motion for summary judgment to challenge the petition prior to a hearing.[1]

Osborne's Petition claiming ownership in the Pistol should be denied. As an initial matter, the Petition, on its face, is technically deficient. Section 853 provides that:

---

[1] Rule 32.2(c)(1)(A) further provides that the Court, upon motion, may "dismiss the petition for lack of standing, for failure to state a claim, or for any other lawful reason."

3

> *The petition shall be signed by the petitioner under penalty of perjury* and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

21 U.S.C. § 853(n)(3) (emphasis added). Strict compliance with the pleading requirements of Section 853(n)(3) is required. *See United States v. Spencer*, 2019 WL 2270689 at *3 (S.D.Ohio May 28, 2019) (the requirement that a petition be signed under penalty of perjury is "not a mere technical requirement"); *United States v. Burge*, 829 F.Supp.2d 664, 667 (C.D.Ill. 2011). In the instant matter, Osborne failed to sign his petition under the penalty of perjury as required by the statute. In such a circumstance, the petition should be dismissed. *United States v. Sanders*, 2019 WL 4199805 at *1 (W.D.N.C. Sept. 4, 2019) (dismissing petition that was not signed under penalty of perjury); *United States v. Avila-Torres*, 2019 WL 2177342 at *5 (S.D.Fla. May 20, 2019) (dismissing petition that was not signed under penalty of perjury); *United States v. Cowan*, 2015 WL 1824110 at *2 (S.D.Ind. Apr. 21, 2015) (dismissing petition that was not signed under penalty of perjury); *United States v. Fabian*, 2013 WL 150361 at *8 (W.D. Mich. Jan. 14, 2013) (dismissing petition not signed under penalty of perjury); *Burge*, *supra*; *United States v. Patillo*, 2009 WL 5217005 at *2 (E.D.Tenn. Dec. 30, 2009) (dismissing petition that was not signed under penalty of perjury and failed to state a claim). Although Osborne proceeds *pro se* in this matter, his *pro se* status does not excuse his lack of compliance with the "signed under penalty of perjury" requirement because the notice that was provided to him by the Government clearly informed him that his petition must be signed under penalty of perjury. *United States v. Ginn*, 799 F.Supp.2d 645, 647 (E.D. La. 2010).

Further, even if the Petition was properly signed under penalty of perjury, the content of the Petition is lacking. Section 853(n)(3) provides that a third party petition shall set forth "the nature and extent of the petitioner's right, title, or interest in the property" and "the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property [.]" Although Osborne makes the statements that the Pistol "was verified by the ATF as [his] weapon" and that "the ATF

4

has the records of my purchase and registration" *see* Petition at 1, this statement fails to show the "time and circumstances of the petitioner's acquisition of" his alleged ownership of the Pistol, as is required by Section 853(n)(3). This lack of specificity renders the Petition subject to dismissal prior to a hearing. *Fabian*, 764 F.3d at 638; *United States v. Reznick*, 2019 WL 6496571 at *2 (E.D.Mich. Dec. 3, 2019) (assertion, which was unsupported by documentation, that firearm was "a gift from my father" was deemed conclusory and insufficient to satisfy Section 853(n)(3)); *United States v. Conn*, 2018 WL 2392511 at *4 (E.D.Ky. May 25, 2018) (dismissing petition without hearing for failure to meet requirements of Section 853(n)(3)); *Spencer*, 2019 WL 2270689 at *4 ("Courts routinely dismiss third-party petitions when they fail to establish standing or meet the pleading requirements detailed in 21 U.S.C. § 853(n)(3).").

Finally, Osborne has not responded in any manner to the Government's motion and its argument that Osborne is a person prohibited from possessing a firearm under 18 U.S.C. §§ 922(g)((3) and 922(g)(4) because of his history of drug addiction and unlawful drug use and of being involuntarily committed for psychiatric treatment. The Government's argument is supported by the submission of evidence that is undisputed by Osborne.[2] In the face of the Government's properly supported motion for summary judgment, Osborne may not merely rest on the unverified and unsupported assertions in his Petition but must respond with affirmative evidence supporting his legal claim to the Pistol. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323-24 (1986); *Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003); *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002).[3] He has not done so, and he has not shown any factual matters that

---

[2] Local Rule 56.01(f) provides that Osborne's failure to respond to the statement of undisputed facts submitted by the Government in support of their motion shall deem the asserted facts to be undisputed for the purposes of summary judgment.

[3] The Government's motion is reviewed under the standard that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). Once the moving party has presented evidence sufficient to support a motion for summary judgment, the non-moving party must present significant probative evidence to support the non-moving party's claim. *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991). The Court must view the evidence and all inferences

5

require a hearing. The Court need not conduct an ancillary hearing when there are no factual disputes as to the third party's interest in the property. *United States v. Satava*, 99 F.Supp. 3d 761, 765 (N.D.Ohio 2015). In the end, Osborne has not shown any basis for a conclusion that he has a legal interest in the Pistol that is sufficient to satisfy either of the showings required under 21 U.S.C. § 853(n)(6) to grant his Petition and to alter the Court's Preliminary Order of Forfeiture.

### R E C O M M E N D A T I O N

For the reasons set out above, it is respectfully RECOMMENDED that:

1. The Government's motion for summary judgment (Docket Entry No.67) be GRANTED; and

2. The petition of Ian Osborne (Docket Entry No. 36) be DENIED.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge

---

drawn from underlying facts "in the light most favorable to the party opposing the motion." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587 (1986).